UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEK,<br>    Plaintiff,<br>  v.<br>BURCHARD,<br>    Defendant. | Case No. 19-cv-00588-EMC<br><br>**ORDER DENYING APPELLANT'S MOTION TO STAY DISMISSAL PENDING APPEAL AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Docket Nos. 3, 9 |

## I.   <u>INTRODUCTION</u>

In January 2018, pro se Appellant John Shek filed a petition under Chapter 13 of the Bankruptcy Code to prevent the foreclosure of the property at 220 Santiago Street, San Francisco, CA 94116 (the "Property"). *See In re John Shek*, No. 18-30051-DM (Bankr. N.D. Cal. filed January 16, 2018), Docket (hereinafter "Bankr. Docket") No. 1. Mr. Shek then filed a series of amended Chapter 13 plans, culminating in a Seventh Amended Plan on December 20, 2018. Bankr. Docket No. 124. On January 8, 2019, the Bankruptcy Court dismissed the case prior to confirmation of Mr. Shek's Chapter 13 plan after he failed to make a court-ordered payment to the Chapter 13 Trustee. Bankr. Docket No. 132. Mr. Shek moved to stay the dismissal and to reinstate his proceedings. Bankr. Docket Nos. 133, 138. The Bankruptcy Court denied both motions on January 25, 2019, noting that Mr. Shek had still not made the required payment to the Trustee. Bankr. Docket No. 148; Transcript of January 25, 2019 Hearing at 7:2–5. Mr. Shek subsequently filed another motion to stay the dismissal, which was denied on January 30, 2019. Bankr. Docket No. 154.

On February 1, 2019, Mr. Shek filed the instant appeal of the Bankruptcy Court's orders denying his motions to stay and motion to reinstate proceedings. *See* Docket No. 1-1 (Notice of

Appeal) at 1.  Shortly thereafter, he filed a motion to stay the Bankruptcy Court's dismissal of his case pending appeal and a preliminary injunction motion.  Docket Nos. 3 ("Stay Mot."), 9 ("PI Mot.").[1]  Both motions ask this Court to prevent the non-judicial foreclosure of the Property, currently scheduled to take place on March 18, 2019.  *See* PI Mot. at 1.  Mr. Shek separately filed a "Peremptory Challenge" to the Court, in which he states that he "has good reason to believe and does actually believe that he cannot have a fair and impartial hearings or trial before Judge Edward Chen."  Docket No. 4 at 1.

For the reasons discussed below, the Court finds no merit to Mr. Shek's "Peremptory Challenge," and **DENIES** his motion to stay and preliminary injunction motion.

## II. DISCUSSION

### A. Motion to Disqualify

The Court construes Mr. Shek's "Peremptory Challenge" as a motion to disqualify.  According to Mr. Shek, the Court presided over "a prior employment case" in which Mr. Shek sought "to have his [employment] position reinstated."  Docket No. 4 at 1–2.  It seems that Mr. Shek is referring to *Shek v. VA Medical Center Department of Veteran et al*, No. 05-cv-00405-SBA (N.D. Cal. filed Jan. 27, 2005), a case that was referred to the undersigned, then a magistrate judge, for settlement discussions.  Mr. Shek states that during those discussions,

> The VA offered 2 days of work; which is $621.xx dollars.
> Appellant /Debtor refused to accept the offer and want to proceed to
> trial.  Then Judge seem very irritated and began to say .... I could
> make this all disappear etc.  Appellant forced to accept the
> settlement for $621 dollar.  Appellant was facing with such situation
> but to accept the offer and without a chance for employment.

Docket No. 4 at 2.  That is, he believes the Court pressured him into accepting a settlement offer against his will.  On that basis, Mr. Shek "d[oes] not think that he will have a fair and impartial trial before Judge Edward Chen" in this case.  *Id.*

---

[1] Mr. Shek filed an initial preliminary injunction motion on February 19, 2019.  Docket No. 6.  Two days later, he filed what appears to be an updated preliminary injunction motion, captioned as a "Notice of Motion to Amended [sic] Ex-Parte Motion to Shorten Time for Hearing on Preliminary Injunction."  Docket No. 9.  The Court treats the second preliminary injunction motion as the operative one.

Under federal law,[2] judicial disqualification is governed by two statutory provisions, 28 U.S.C. § 144 and 28 U.S.C. § 455. Section 144 provides for recusal where a party "files a timely and sufficient affidavit" averring that the judge before whom the matter is pending "has a personal bias or prejudice" either against the party or in favor of an adverse party. 28 U.S.C. § 144. The affidavit "must state the facts and reasons" for such belief. *Id.* A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. *See id.*; *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980). Where the affidavit is not legally sufficient, however, the judge at whom the motion is directed may decide the matter. *See Sibla*, 624 F.2d at 868. Similarly, Section 455 requires a judge to disqualify himself "in any proceeding in which his impartiality might reasonably be questioned," 28 U.S.C. § 455(a), including where the judge "has a personal bias or prejudice concerning a party," *id.* § 455(b)(1).

The substantive test for personal bias or prejudice is identical under Sections 144 and 455. *See Sibla*, 624 F.2d at 868. Under both statutes, recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). The "reasonable person" standard does not contemplate "someone who is 'hypersensitive or unduly suspicious,' but rather is a 'well-informed, thoughtful observer.'" *United States v. Holland*, 519 F.3d 909, 913 (9th Cir. 2008) (quoting *In re Mason*, 916 F.2d 384, 386 (7th Cir. 1990)). Either actual bias or the appearance of bias will justify recusal. *Id.* The Ninth Circuit has instructed that in evaluating disqualification motions, a judge has "as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." *Clemens v. U.S. Dist. Court for Central Dist. of Cal.*, 428 F.3d 1175, 1179 (9th Cir. 2005) (citation omitted).

Here, Mr. Shek's motion and affidavit are not legally sufficient to establish that a reasonable person with knowledge of all the facts would conclude that the Court's impartiality

---

[2] The motion disqualify cites the California Supreme Court's decision in *Solberg v. Superior Court*, 19 Cal. 3d 182 (1977), which discussed the disqualification of judges under California Civil Procedure Code § 170.6. However, California state law does not apply in this federal bankruptcy proceeding.

3

might reasonably be questioned. His affidavit only alleges that when he refused to accept a settlement offer in the prior case, "Judge seem[ed] very irritated and began to say .... I could make this all disappear etc." Docket No. 4 at 2. This does not appear to be an actual quote from a transcript, and Mr. Shek cites no evidence that the Court coerced him into accepting the settlement. Nor is there any indication that Mr. Shek has since sought to set aside the settlement agreement. His unsupported assertions are insufficient to justify recusal. *See United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 566 (9th Cir. 1995) (holding that "conclusory allegations" are "insufficient to support a claim of bias or prejudice such that recusal is required"); *Bhambra v. Admin. Office of Fed. Courts of United States*, No. 18-CV-05681-JSW (JD), 2019 WL 935139, at *2 (N.D. Cal. Feb. 26, 2019) (denying motion to disqualify where movant's "allegations of bias and dishonesty [we]re entirely unsupported by any facts" and there was "no evidence of any" impropriety on the part of the judge). In any event, Sections 144 and 455 are "limited by the 'extrajudicial source' factor which generally requires as the basis for recusal something other than rulings, opinions formed or statements made by the judge during the course of" a case. *Holland*, 519 F.3d at 913–14 (citing *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)). This means that a "judge's conduct during the proceedings should not, except in the 'rarest of circumstances' form the sole basis for recusal." *Id.* (quoting *Liteky*, 510 U.S. at 555). There is no evidence such circumstances were present in Mr. Shek's prior case.

Accordingly, Mr. Shek's motion to disqualify is **DENIED**.

B. <u>Stay and Preliminary Injunction</u>

Mr. Shek brings his motion to stay under Federal Rule of Bankruptcy Procedure 8007(a). *See* Stay Mot. at 1. Under that rule, "[m]otions for stay pending appeal or for other relief pending appeal must ordinarily be presented to the bankruptcy court in the first instance, before the movant may seek relief from the [Bankruptcy Appellate Panel] or the district court." *In re Ho*, 265 B.R. 603, 604 (B.A.P. 9th Cir. 2001) (citing Fed R. Bankr. P. 8007(a)). If the movant does not move for a stay in the bankruptcy court prior to doing so in the district court, he must "show that moving first in the bankruptcy court would be impracticable." Fed. R. Bankr. P. 8007(b)(2). "A failure to seek emergency relief in the bankruptcy court is a critical defect." *In re Rivera*, No. 5:15-CV-

04402-EJD, 2015 WL 6847973, at *2 (N.D. Cal. Nov. 9, 2015).

Here, Mr. Shek has not moved the Bankruptcy Court for a stay pending this appeal. Nor has he shown that doing so would be impracticable. That alone is grounds for denying his stay motion. *See id.* ("[D]istrict courts routinely dismiss motions for a stay pending appeal when stay relief is not first sought from the bankruptcy judge and the failure to do so is not adequately explained.") (quoting *In re BGI, Inc.*, 504 B.R. 754, 761 (S.D.N.Y. 2014)).

Even if the Court were to consider the stay motion on its merits, it would be deficient. "Appellants seeking a discretionary stay under [Rule 8007] must meet the terms of a test virtually identical to that for a preliminary injunction." *Lynch v. California Pub. Utilities Comm'n*, No. C-04-0580 VRW, 2004 WL 793530, at *2 (N.D. Cal. Apr. 9, 2004) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he [or she] is likely to succeed on the merits, that he [or she] is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his [or her] favor, and that an injunction is in the public interest." *Winter v. Nat'l Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). Mr. Shek has not made the requisite showing to justify a preliminary injunction or a stay.

1. Likelihood of Success on the Merits

To establish a likelihood of success on the merits, the movant "must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011). Here, Mr. Shek has appealed not the Bankruptcy Court's order dismissing his Chapter 13 case on the merits, but rather its orders denying his motions to stay the dismissal and motion to reinstate proceedings. *See* Docket No. 1-1 at 1. To that end, Mr. Shek's argument can be distilled into three points. First, he asserts that his attorney in the bankruptcy proceedings colluded with the Trustee's staff to dismiss his Chapter 13 case. PI Mot. at 2; Docket No. 7 at 3. Second, the Bankruptcy Court colluded with the bank to dismiss his case and allow the bank to

1 foreclose on the Property. PI Mot. at 2; Docket No. 7 at 3. Third, the Bankruptcy Court, in

2 dismissing the case, failed to take into account that he "ma[de] his January 2019 conduit payment

3 in accord[ance] to the Seventh Amended Conduit payment plan." PI Mot. at 3; Docket No. 7 at 5.

4 Mr. Shek's first argument is not supported by any evidence that his attorney colluded with

5 the Trustee. He states that his attorney did not file a Seventh Amended Plan with the Bankruptcy

6 Court, but the record belies that claim. On December 19, 2018, the Bankruptcy Court ordered Mr.

7 Shek to file an amended Chapter 13 plan and make a payment of $10,460 to the Trustee by

8 January 3, 2019. Bankr. Docket No. 129. His attorney filed the amended plan the next day.

9 Bankr. Docket No. 124. However, Mr. Shek did not make the required payment to the Trustee,

10 leading to the dismissal of his case. Bankr. Docket No. 132. Thus, dismissal—and the

11 Bankruptcy Court's subsequent denial of his efforts to reinstate the case or stay the dismissal—

12 was not a result of his attorney's actions. And there is no evidence of attorney collusion.

13 Mr. Shek likewise fails to provide a single piece of evidence in support of his second claim

14 that the Bankruptcy Court colluded with the bank to foreclose on his house.

15 Mr. Shek's final argument is also unavailing. The Bankruptcy Court ordered him to make

16 a payment of $10,460 to the Trustee by January 3, 2019. Bankr. Docket No. 129. Mr. Shek

17 represents that he sent a payment of $6,925 to the Trustee on January 4, 2019. Docket No. 7 at 5.

18 This payment was neither timely nor in the correct amount. Therefore, the Bankruptcy Court

19 properly dismissed the case in accordance with its December 19, 2018 order. *See* Bankr. Docket

20 Nos. 129, 132.

21 Mr. Shek has not established that he is likely to succeed on the merits of his claim that the

22 Bankruptcy Court erred in declining to stay dismissal and to reinstate his case.

23     2.    <u>Irreparable Harm</u>

24 On the second factor, Appellee concedes that irreparable harm weighs towards granting the

25 preliminary injunction, as Mr. Shek would lose his house as a result of the pending foreclosure.

26 *See* Docket No. 11 at 3. However, "this factor alone does not compel this Court to grant

27 Plaintiff's preliminary injunction." *Yee v. Select Portfolio, Inc.*, No. 18-CV-02704-LHK, 2018

28 WL 4772341, at *7 (N.D. Cal. Oct. 1, 2018). The Court must still consider the other three factors.

6

### 3. Balance of Equities

Mr. Shek's contends that the "balance of equities between the parties support[s] an injunction," because he has made "his January 2019 conduit payment in according to the Seventh Amended Conduit payment plan." PI Mot. at 1, 3. However, as discussed above, this payment was neither timely nor in the correct amount. Equity does not weigh in Mr. Shek's favor.

### 4. Public Interest

Mr. Shek insists that an "injunction is in the public interest, pursuant to AB 1950, SB 1474," without explaining what "AB 1950" and "SB 1474" refer to. PI Mot. at 1. "AB 1950" may be a reference to California Assembly Bill No. 1950, which concerns disclosure requirements for commercial websites that collect personally identifiable information about consumers. *See* A.B. 1950, 2017–2018 Leg., Reg. Sess. (Cal. 2018). "SB 1474" may be a reference to California Senate Bill 1474, which concerns the California Public Utilities Commission's authority over passenger stage corporations. *See* S.B. 1474, 2017–2018 Leg., Reg. Sess. (Cal. 2018). Neither bears any apparent relation to this case or bankruptcy proceedings generally.

In sum, Mr. Shek has established irreparable harm, but has not made the requisite showing on any of the other three factors. He has therefore failed to meet his burden to show that a preliminary injunction is warranted. *See, e.g.*, *Gonzalez v. Wells Fargo Bank*, No. C 09-03444 MHP, 2009 WL 3572118 (N.D. Cal. Oct. 30, 2009) (denying motion for preliminary injunction where "[Plaintiff] ... stands to lose his residence if the trustee's sale is not enjoined," but "[a]t the same time, there is a near-total absence of serious questions regarding whether [plaintiff] is entitled to the relief he seeks")

///
///
///
///
///
///
///

### III. CONCLUSION

For the foregoing reasons, Mr. Shek's motion to stay the Bankruptcy Court's dismissal of his Chapter 13 case and motion for preliminary injunction are **DENIED**.

This Order disposes of Docket Nos. 3 and 9.

**IT IS SO ORDERED**.

Dated: March 8, 2019

EDWARD M. CHEN
United States District Judge