UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN SHEK,<br><br>    Plaintiff,<br><br>v.<br><br>DAVID BURCHARD,<br><br>    Defendant. | Case No. 19-cv-00588-EMC<br><br>**ORDER AFFIRMING ORDERS OF BANKRUPTCY COURT DISMISSING APPELLANT'S CHAPTER 13 CASE, AND DENYING APPELLANT'S MOTIONS TO STAY DISMISSAL AND TO REINSTATE PROCEEDINGS**<br><br>Docket No. 1 |

## I.     **INTRODUCTION**

In January 2018, pro se Appellant John Shek filed a petition under Chapter 13 of the Bankruptcy Code to prevent the foreclosure of the property at 220 Santiago Street, San Francisco, CA 94116. *See In re John Shek*, No. 18-30051-DM (Bankr. N.D. Cal. filed Jan. 16, 2018), Docket (hereinafter "Bankr. Docket") No. 1. Mr. Shek then filed a series of amended Chapter 13 plans, culminating in a Seventh Amended Plan on December 20, 2018. Bankr. Docket No. 124. On January 8, 2019, the Bankruptcy Court dismissed the case prior to confirmation of Mr. Shek's Chapter 13 plan after he failed to make a court-ordered payment to the Chapter 13 Trustee. Bankr. Docket No. 132. Mr. Shek moved to stay the dismissal and to reinstate his proceedings. Bankr. Docket Nos. 133, 138. The Bankruptcy Court denied both motions on January 25, 2019, noting that Mr. Shek had still not made the required payment to the Trustee. Bankr. Docket No. 148; Transcript of January 25, 2019 Hearing at 7:2–5. Mr. Shek subsequently filed another motion to stay the dismissal, which was denied on January 30, 2019. Bankr. Docket No. 154.

On February 1, 2019, Mr. Shek filed the instant appeal of the Bankruptcy Court's order

dismissing his case and its order denying his motion to stay and motion to reinstate proceedings.[1] *See* Docket No. 1-1 (Notice of Appeal) at 1. Shortly thereafter, he filed a motion to stay the Bankruptcy Court's dismissal of his case pending appeal and a preliminary injunction motion. Docket Nos. 3, 9. On March 8, 2019, the Court denied both motions. Docket No. 15.

Mr. Shek filed his opening brief in this appeal on February 19, 2019. Docket No. 7. Appellee, the Chapter 13 Trustee, filed his answering brief on March 21, 2019. Docket No. 16. Mr. Shek requested an extension of time to file a reply, which the Court granted. Docket Nos. 18, 19. However, Mr. Shek never filed a reply.

For the reasons discussed below, the Court **AFFIRMS** the Bankruptcy Court's orders.

## II. <u>DISCUSSION</u>

A. <u>Standards of Review</u>

The Bankruptcy Court dismissed Mr. Shek's Chapter 13 case under 11 U.S.C. § 1307(c). Dismissal under § 1307(c) is reviewed for abuse of discretion. *In re Ellsworth*, 455 B.R. 904, 914 (B.A.P. 9th Cir. 2011). "To determine whether the bankruptcy court has abused its discretion, we conduct a two-step inquiry: (1) we review de novo whether the bankruptcy court 'identified the correct legal rule to apply to the relief requested' and (2) if it did, whether the bankruptcy court's application of the legal standard was illogical, implausible or 'without support in inferences that may be drawn from the facts in the record.'" *Id.* (quoting *United States v. Hinkson*, 585 F.3d 1247, 1261–62 & n.21 (9th Cir. 2009) (en banc)).

The Bankruptcy Court denied Mr. Shek's motions to stay the dismissal and to reinstate his proceedings under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60. *See* Fed. R. Bankr. P. 9024 (providing that "Rule 60 F. R. Civ. P. applies" to motions for relief from judgment or order). Decisions under Rule 9024 and Rule 60 are also reviewed for abuse of discretion. *See In re Nunez*, 196 B.R. 150, 155 (B.A.P. 9th Cir. 1996).

---

[1] It is not entirely clear from Mr. Shek's Notice of Appeal whether he intends to appeal only the Bankruptcy Court's order denying his motions to stay dismissal and to reinstate proceedings, or whether he also intends to appeal the underlying order of dismissal. The Court will construe his appeal as covering both orders.

2

B. The Bankruptcy Court's Dismissal of Mr. Shek's Chapter 13 Case

Section 1307(c) provides that "the [bankruptcy] court may dismiss a case under this chapter . . . for cause," and enumerates eleven non-exclusive grounds which may constitute "cause" for dismissal. One of those grounds is "failure to commence making timely payments under section 1326 of this title" to the Trustee. 11 U.S.C. § 1307(c)(4).

On December 19, 2018, the Bankruptcy Court ordered Mr. Shek to file an amended Chapter 13 plan and make a payment of $10,460 to the Trustee by January 3, 2019. Bankr. Docket No. 129. His attorney filed the amended plan the next day. Bankr. Docket No. 124. However, Mr. Shek did not make the required payment to the Trustee, prompting the Bankruptcy Court to dismiss his case. Bankr. Docket No. 132. Mr. Shek does not dispute that he failed to make the required payment of $10,460 to the Trustee by January 3, 2019. Instead, he sent a payment of $6,925 on January 4, 2019. Docket No. 7 at 5. This payment was neither timely nor in the correct amount. Accordingly, the Bankruptcy Court correctly applied § 1307(c) to dismiss Mr. Shek's case, and dismissal was supported by the facts in the record.

Mr. Shek alleged, both in his bankruptcy proceedings and on appeal, that the dismissal of his Chapter 13 case was the result of collusion between his bankruptcy attorney, the Trustee's staff, the bank, and the Bankruptcy Court. Docket No. 7 at 3. However, his provides no evidence in support of his allegations. Indeed, although he claims that his attorney did not file a Seventh Amended Plan with the Bankruptcy Court, the record reveals that his attorney timely filed the plan on December 20, 2018. Bankr. Docket No. 124.

The Bankruptcy Court's dismissal of Mr. Shek's case was not an abuse of discretion.

C. The Bankruptcy Court's Denial of Mr. Shek's Motions to Stay Dismissal and to Reinstate Proceedings

In asking the Bankruptcy Court to stay its dismissal of his case and to reinstate the case, Mr. Shek also alleged that the dismissal was motivated by "larceny," "intentional malice," and "collusion from all involve[d]." Docket Nos. 17-8 (motion to stay dismissal), 17-9 (motion to

reinstate).  Again, those allegations were devoid of any evidentiary support.[2]  In light of Mr. Shek's undisputed failure to timely make a required payment to the Trustee, and his unsubstantiated allegations of collusion, the Bankruptcy Court did not abuse its discretion in denying him relief from its dismissal order.

### III. CONCLUSION

For the foregoing reasons, the order of the Bankruptcy Court is **AFFIRMED**.

**IT IS SO ORDERED**.

Dated: May 20, 2019

EDWARD M. CHEN
United States District Judge

---

[2] Mr. Shek cited an October 4, 2018 email between his counsel and the Trustee's staff that purportedly stated: "Now I have excellent objections to the Shek, and for your accountant, is he still behind?"  Docket No. 17-9 at 2.  It is unclear what this email means, and Mr. Shek does not explain why it demonstrates collusion.

4